## GAINES *v.* THE MERCHANTS BANK OF BALTIMORE.

A purchaser at a sheriff's sale, who has been evicted, cannot maintain an action against the seizing creditor alone; he must proceed against the creditor, and the debtor in execution, jointly. C. P. 711. The fact that the domicil of one of the parties is out of the State, is no obstacle to the exercise of the remedy provided by art. 711 of the Code of Practice.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Britton*, for the appellant. *Wharton*, for the defendants. The judgment of the court was pronounced by

KING, J. Most of the facts upon which this case depends have been admitted by the parties. They are as follows : The United States Bank, incorporated by the State of Pennsylvania, being in insolvent circumstances, made a general assignment, in September, 1841, of all its property, rights and credits, not previously assigned, to certain trustees, with power to sell the same and distribute the proceeds rateably among the creditors of the institution. Among the assets thus assigned was, the " right of the bank to any further dividend that may be declared in the estate of *Wm. Kenner & Co.*" In January, 1842, the United States instituted a suit in the Commercial Court against the bank, in which, among other effects of the latter, the claim to any dividend to be declared in the estate of *Wm. Kenner & Co.* was attached. The trustees intervened in that proceeding, and claimed the property attached, in virtue of the assignment, and upon a final decision of the cause it was determined that the assignment was

GAINES
v.
MERCHANTS
BANK.

valid, except so far as the United States were concerned. In May, 1842, the *Merchants Bank of Baltimore* caused a judgment, obtained in Philadelphia against the United States Bank, to be made executory in this State, and in virtue of a *fieri facias* issued under it seized, among other things, the right of the United States Bank to receive any further dividend from the estate of *Wm. Kenner & Co.*, notwithstanding the previous assignment to the trustees and the attachment of the United Sates. At the sheriff's sale, this right was adjudicated to the plaintiff for $1,000 cash. The plaintiff has instituted this action to recover back the price thus paid, alleging, first, that the United States Bank was divested of title previous to the seizure and sale by the sheriff, and that nothing passed by the adjudication; secondly, that the sale was made without a previous appraisement, and is consequently void. There was a judgment of nonsuit in the court below, and the plaintiff has appealed.

We think that there is no error in the judgment appealed from. The purchaser at a sheriff's sale, who is evicted, has his recourse against the seized debtor and seizing creditor, but must exercise his remedy against those parties jointly. This suit is instituted against the plaintiff in execution alone, against whom the action cannot be maintained without uniting with him the defendant in execution. C. Prac. art. 711. The questions, therefore, presented by the pleadings cannot be disposed of in the present suit. It may not, however, be improper to observe, that it has been left doubtful by the evidence at present in the record, whether the mere contingent residuary interest of the United States Bank, after the completion of the trust, was adjudicated, and whether the plaintiff understood that he was acquiring only a future hope. We wish not to be understood as deciding whether anything passed by the sheriff's sale, or not.

We conceive it to be no objection to the exercise of the remedy provided by the 711th article of the Code of Practice, that the domicil of one of the parties is out of the State. Our laws have provided the means for causing absent parties to be represented, who have an interest in a pending litigation between other parties.                *Judgment affirmed.*