## GAINES v. THE MERCHANTS' BANK OF BALTIMORE et al.

A judicial sale of all the right, title and interest of a creditor in any further dividend that may
be declared among the creditors of an insolvent, is a sale of the debt due to the creditor
(C. P. 690, 694); and where the debt was due by a bill or note, which was never in the
actual possession of the sheriff, the seizure is invalid, the sale null, and the purchaser may
recover back the price paid by him.

To make a valid seizure of a bill or note under a *fi. fa.*, the sheriff must take actual posses-
sion of it.

A party seeking to recover back, on the ground of the nullity of the sale, money paid to a
judgment creditor as the price of property sold under execution, must pursue the course
pointed out by art. 711 C. P., and make the judgment debtor a party to the action; and the
judgment obtained against him and the creditor jointly must provide that execution shall
be first taken out against the debtor, but, on its being returned unsatisfied, that execution
may be issued against the creditor. *Per Curiam:* Art. 711 C. P. relates to the eviction of
the purchaser from the thing purchased by him; but it is declaratory of a principle relating
to cases where the sale is virtually defeated from other causes.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.
*Britton* and *Hamner*, for the plaintiff. *Bonford* and *T. A. Clarke*, for the
appellants. The judgment of the court (*Slidell*, J. not sitting, having been of
counsel in the case,) was pronounced by

EUSTIS, C. J. On the 1st of August, 1843, the Merchants Bank of Balti-
more caused to be sold, under an *alias fi. fa.*, issued on a judgment against the
president, directors and company of the Bank of the United States, all the right,
title and interest of said bank in any further dividend that might be declared in
the estate of *William Kenner & Co.* The plaintiff became the purchaser, for
the sum of one thousand dollars, which he paid to the sheriff. The present suit
is to recover back this sum. The president, directors and company of the Bank

of the United States have been made parties, by a curator *ad hoc* appointed by the court for that purpose, and judgment was rendered in the district court in favor of the plaintiff; and it was further adjudged that, execution should first issue against the Bank of the United States, and, in case of no property being found on execution issued, that the judgment be satisfied out of the property of the Merchants' Bank of Baltimore. From this judgment both banks have appealed.

It appears that the Merchants' Bank of Baltimore undertook to sell certain assets belonging to the United States Bank, pending the litigation in which they were involved in the memorable suit relating to the validity of the assignment made by that bank, which, upon the final decision, was determined to be valid, except so far as the United States were concerned. This decision defeated the attempt of the Merchants' Bank of Baltimore to reach the assets of the Bank of the United States under their execution.

The ground on which the plaintiff has recovered in the district court is, that the sale under execution was a nullity, and that the plaintiff, who was the purchaser, acquired nothing under it.

The thing sold was the right, title and interest of the bank to the future dividends to be declared in the estate of *William Kenner & Co.*; and the sheriff, in his deed, undertook to convey to the purchaser all the right and title which the bank had to the *said before described property*. The estate of *William Kenner & Co.* was under the administration of a syndic, and the Bank of the United States was its creditor, and we are authorized in assuming that it became so in the ordinary course of its dealings. We infer from the evidence, that the bank was the holder of bills or notes of that firm, on which the dividends received had been duly credited. Under the rule laid down in the case of *Trudeau v. Mc Vicar*, 1 Annual Rep. 426, and under articles 690 and 694 of the Code of Practice, by the description above noted, the debt due by *Kenner & Co.* to the bank was sold, and the title of this debt the purchaser had a right to exact from the sheriff. The evidence does not satisfy us that the sheriff ever took into his possession the obligations of *Kenner & Co.* which the bank held, or any title whatever to said debt.

In the case of *Fluker v. Bullard*, 2 Annual Rep. 338, we held that a sale under a *fi. fa.* of a promissory note, never in the actual possession of the sheriff, confers no title on the purchaser. To make a valid seizure of tangible property, the thing levied upon must be taken into actual possession by the officer. So, where notes, offered in evidence before their maturity, have been withdrawn by permission of the court on leaving certified copies of them in the record, the levying of a *fi. fa.* upon the copies of the notes, and notice to the maker, will not constitute a legal seizure. *Galbraith v. Snyder*, Idem. 492. A bond can be legally seized by the sheriff only by his obtaining actual possession of it. A purchaser at a sheriff's sale, made without a previous seizure, acquires nothing. *Offut v. Monquit*, Idem. 785. To make a valid seizure of a promissory note under a *fi. fa.*, the sheriff must take actual possession of the note. *Taylor v. Stone*, Idem, 910.

However the fact of possession by the sheriff may be, no delivery of the title was ever made by the sheriff to the purchaser, notwithstanding his demand to that effect, and his notice to the sheriff not to pay over the money to the plaintiff until the evidence of the debt should be delivered to him. The good faith of the plaintiff in this transaction being unquestioned, the judgment of the district court against the Merchants' Bank of Baltimore for its recovery back, must be sustained.

This suit grows out of the scramble for the wreck of the assets of the late Bank of the United States of Pennsylvania, and a similar one, instituted by the plaintiff, was before this court on a previous occasion, and is reported in 2 Annual Rep. 280. The judge of the late Commercial Court of New Orleans, from whom the appeal was taken, non-suited the plaintiff, on the ground that the remedy sought by the plaintiff was one of strict right, and that the party seeking to recover back money paid to a judgment creditor, being the proceeds of property sold under execution, ought to pursue the course indicated by article 711 of the Code of Practice, and make the judgment debtor a party to the suit. The Bank of the United States was made a party to this suit, and the district court overruled an exception made by the curator *ad hoc*, that no cause of action was presented in the petition against said bank.

Article 711 provides that, if the purchaser has been evicted from the thing adjudged to him, on the ground that it belongs to another person than the party in whose hands it was taken, he shall in that case have his recourse for reimbursement against the seized debtor and the seizing creditor; but, upon the judgment obtained jointly for that purpose, the purchaser shall first take execution against the debtor, and upon the return of such execution, no property found, then he shall be at liberty to take out execution against the creditor. This article it is true relates to the eviction of the purchaser from the thing purchased by him; but it is declaratory, as we think, of a principle relating to cases where the sale is virtually defeated from other causes. In the present instance, the money of the plaintiff has been applied directly to the benefit of the Bank of the United States, in part satisfaction of the judgment held by the Merchants' Bank. If the proceedings are regular, satisfaction has been entered on that judgment to the extent of the amount made under execution. On this amount being recovered back by the plaintiff, the satisfaction entered must be rescinded, or a new judgment must be rendered for the amount, of which the Merchants' Bank, on paying back the amount unduly received, are entitled to have the benefit. The Bank of the United States is thus the real party in interest in this litigation; and, we think, the district judge did ·not err in rendering judgment as prayed for in the original petition.                         *Judgment affirmed.*