SANDERS, Justice
(dissenting).
Article 2379, LSA-Code of Civil Procedure, under which this action is brought, provides:
“The purchaser who has been evicted from property sold under a writ of fieri facias shall have his recourse for reimbursement against the judgment debtor and the seizing creditor. If judgment is obtained against both, the purchaser shall issue execution first against the judgment debtor, and if his judgment remains unsatisfied, he may issue execution against the seizing creditor.”
The official comment to this Article indicates that it makes no substantive change in the former law which appeared in Article 2621 of the LSA-Civil Code and Article 711 of the Code of Practice of 1870.
Under these Articles, the judgment debtor was an indispensable party to the action, for his liability was regarded as the primary *368 one. Gaines v. Merchants’ Bank of Baltimore, 2 La.Ann. 479; Gaines v. Merchants’ Bank of Baltimore, 4 La.Ann. 369; Haynes v. Courtney, 15 La.Ann. 630; Moore v. Blount, La.App., 160 So. 319.
In Gaines v. Merchants’ Bank of Baltimore, 2 La.Ann. 479, supra, this Court affirmed a judgment of non-suit against a purchaser whose action was against the creditor alone, stating:
“We think that there is no error in the judgment appealed from. The purchaser at a sheriff’s sale, who is evicted, has his recourse against the seized debtor and seizing creditor, but must exercise his remedy against those parties jointly. This suit is instituted against the plaintiff in execution alone, against whom the action cannot be maintained without uniting with him the defendant in execution. C.Prac. art. 711. The questions, therefore, presented by the pleadings cannot be disposed of in the present suit.”
In Moore v. Blount, supra, the Court rejected a purchaser’s demand in warranty against the creditor on the ground that the debtor was not a party. The Court reasoned:
“We think the warrantor’s position well taken. The right to call the seizing creditor in warranty is of statutory origin. This course is available to the evicted purchaser only when the mortgage debtor is made a party to the call in warranty.”
An examination of the codal articles discloses that the interests of the debtor and creditor are interrelated. Lack of timely notice to the debtor of an eviction suit, when sustained as a defense, shields not only the debtor but also the creditor from liability. Art. 2380, LSA-C.C.P. A judgment against the debtor and creditor must be executed first against the debtor. Art. 2379, LSA-C.C.P. Liability imposed upon the creditor creates an enforceable obligation against the debtor in an identical amount. Art. 2381, LSA-C.C.P. The interests of the debtor are so directly affected that a complete and equitable adjudication cannot be made unless the debtor is joined in the action. In short, he is an indispensable party. See Art. 641, LSA-C.C.P.
The failure to join an indispensable party is not waived by the failure to plead it in limine litis. Article 645, LSA-C.C.P., provides :
“The failure to join an indispensable party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion.”
In my opinion, the judgment of the Court of Appeal should be reversed, and the case should be remanded for the joinder of the debtor.
For the foregoing reasons, I respectfully dissent.